UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

JAMES LENEGAN,

    *Petitioner,*

v.

MONICA RECKTENWALD,

    *Respondent.*

CASE NO.    16-159 Erie

ORDER ADOPTING REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Before the Court is the Report and Recommendation of the Honorable Susan Paradise Baxter in which she recommends that this Court deny the petition for a writ of habeas corpus filed by Petitioner, James Lenegan. Dkt. No. 18. Having reviewed the Report and Recommendation, the objections thereto, the record of this case, as well as the relevant legal authorities, the Court will adopt the Report and Recommendation. The reasons for the Court's decision follow.

## II.    BACKGROUND

Petitioner was arrested by federal authorities while he was serving state sentences imposed by the Court of Common Pleas of Bucks and Philadelphia Counties. He was eventually convicted in federal court and on July 23, 2009 the federal judge sentenced him as follows:

> The defendant is hereby committed to…a total term of…220 MONTHS on each of Counts 25 and 26 and a term of 120 months on Count One, all to be served concurrently. This sentence shall be served partially concurrently with the sentence imposed on May 20, 2005, by Judge David W. Heckler of the Bucks County Court of Common Pleas for burglary and criminal trespass of not less than 2 1/2 years nor more than 9 years in case

1

> number CP-09-CR-0007454-2004. Specifically, the within sentence shall be served concurrently with the said Bucks County sentence [as] of February 5, 2008.

Dkt. No. 16, Ex. 2 ¶ 6r and Attach. 2j. Petitioner was returned to state authorities where he satisfied his state sentences. Thereafter, he was released to federal authorities to complete service of his federal sentence.

In the instant writ of habeas corpus, Petitioner alleges that the Bureau of Prisons ("BOP") erred in calculating his federal sentences. Specifically, Petitioner argues that the BOP should have calculated his federal sentence to have commenced on February 5, 2008, the date on which federal authorities took custody of him pursuant to a writ of habeas corpus ad prosequendum so that he could be prosecuted in federal court, as opposed to July 23, 2009, the dated on which the federal court sentenced Petitioner. Dkt. No. 19 at 5. He also contends that the BOP should award him with Good Conduct Time ("GCT") based on a confinement date of February 5, 2008. Finally, he claims that the federal sentencing court misapplied his guidelines under U.S.S.G. § 5G1.3, when it applied subsection (c) as opposed to subsection (b).

In response to the petition, the BOP's Designations and Sentence Computation Center ("DSCC") reviewed Petitioner's federal sentence computation for accuracy. It concluded that the sentence was vague because it appeared that the federal judge attempted to order prior custody credit, as opposed to an adjustment or downward departure under U.S.S.C. § 5G1.3. The DSCC inquired of the federal district judge who, in turn, amended the judgment to:

> 185 MONTHS on each of Counts 25, and 26 and a term of 120 months on Count One, all to be served concurrently. This sentence shall be served partially concurrently with the sentence imposed on May 20, 2005 by Judge David W. Heckler of the Bucks County Court of Common Pleas for burglary and criminal trespass of not less than 2 1/2 years nor more than 9 years in case number CP-09-CR-0007454-2004. Specifically, the within sentence shall be served concurrently with the said Bucks County sentence

of February 5, 2008 pursuant to the provision of U.S.S.G. § 5G1.3 (*(b)
consistent with the reasoning provided on the records of this sentence.)

Dkt. No. 16, Ex. 2 ¶6ee and Attach. 2p.

Based on the amended judgment, the BOP recalculated the Petitioner's federal sentence as a 167-month and 13-day sentence, which reflected the sentence of 185 months adjusted under U.S.S.G. § 5G.3(b) by 534 days (representing time served against an undischarged state sentence from February 5, 2008 through July 22, 2009).

## III. DISCUSSION

Petitioner argues that the Magistrate Judge erred by determining that the BOP correctly calculated that his federal sentence commenced on July 23, 2009, the date that the federal judge originally sentenced him, as opposed to February 5, 2008, the date that the federal authorities took custody of him so that he could be tried in federal court. Petitioner's claim has no merit. The BOP commenced his sentence on the earliest possible date that it could have under federal law—the date on which he was originally sentenced by the federal judge. *See e.g.*, *Rashid v. Quintana*, 372 Fed. App'x 260, 262 (3d Cir. 2010) (per curiam) ("a federal sentence cannot begin to run earlier than on the date on which it is imposed."); *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served."). Petitioner's reliance on *Setser v. United States*, 566 U.S. 231 (2012) is misplaced as that case does not pertain to the when the BOP may deem a sentence to have commenced under federal law.

Petitioner does not object to the Magistrate Judge's recommendation his U.S.S.G. § 5G1.3 and GCT claims be denied. Therefore, this Court subjects this portion of the Report and Recommendation to "clear error" review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)

(Sotomayor, J.) ( a district judge is permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.); *Cole v. Yukins*, 7 Fed. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

With respect to Petitioner's U.S.S.G. § 5G1.3 claim, this claim was rendered moot by the BOP's recalculation of Petitioner's federal sentence (after the federal judge amended the sentence) because the BOP adjusted Petitioner's 185-month term of imprisonment by the 534 days he served in the state correctional facility from February 5, 2008 through July 22, 2009. With respect to the GCT claim, commutation of GCT is governed by 18 U.S.C. § 3624(b), which provides, in relevant part, that "a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, *may receive credit toward the service of the prisoner's sentence*, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment…" (emphasis added). In response to the Petition, the BOP submitted a declaration from the Management Analyst at the DSCC that stated that Petitioner may not receive GCT for the 534 days that were subtracted from his federal sentence as a result of the amended judgment because those days are "not time served against his federal sentence." Dkt. No. 16 Ex. 2, ¶ 19. It was not "clear error" for the Magistrate Judge to accept the BOP's explanation, particularly since Petitioner did not attempt to counter the explanation. *See also Lopez v. Terrell*, 654 F.3d 176, 183-185 (2d Cir. 2011) (deferring to the BOP's interpretation of § 3624(b)); *Perez-Olivo v. Chavez*, 394 F.3d 45, 53-54 (1st Cir. 2005) (holding that the BOP's method of calculating GCT based on "time served" is reasonable under § 3624(b)).

## IV. CONCLUSION

For the foregoing reasons, the Court HEREBY ADOPTS the Report and Recommendation of the Honorable Susan Paradise Baxter and DENIES the petition for writ of habeas corpus.

Dated this 6th day of December 2017.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge